**Mahmud HASAN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70668.

Agency Nos. A72–525–327, A72–525–328, A72–525–329, A72–525–330.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Estela Richeda, Law Offices of Estela S. Richeda, Pasadena, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Jennifer L. Lightbody, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM\*\*

Lead petitioner Mahmud Hasan, his wife Chowdhury Reshmin, and their children, Rezwan and Rafiat Hasan are natives and citizen of Bangladesh. They petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying their applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the lead petitioner's testimony was internally inconsistent regarding his arrests and his escape from the hospital, and was contradicted by testimony from his wife and documentary evidence from the hospital. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies that relate to the basis for a petitioner's alleged fear of persecution can support an adverse credibility finding). Furthermore, political changes in Bangladesh since Petitioners left in 1993 suggest that they do not have a well-founded fear of persecution. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (noting that if no past persecution is established, the IJ and BIA are entitled to rely on all relevant evidence in the record, including a State Department Report). Because a reasonable factfinder would not be compelled to reach a contrary conclusion, we uphold the IJ's finding that Petitioners were ineligible for asylum. *See Singh–Kaur*, 183 F.3d at

1149; *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because the lead petitioner did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004), Petitioner's voluntary departure period will begin to run upon issuance of the court's mandate.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

